UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM L. MCWAIN,

    Plaintiff,

vs.

CLAY TOWNSHIP, *et al.*,

    Defendants.

Case No. 3:20-cv-123

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

_____

**ORDER AND ENTRY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 28) WITHOUT PREJUDICE TO REFILING AT THE CLOSE OF DISCOVERY**
_____

On April 1, 2020, Plaintiff, through counsel, filed a complaint in this Court pleading civil rights claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff's claims arise from Defendants' alleged acts in declaring his real property in Clay Township, Ohio to be a nuisance and removing certain items from that property in October 2019. *Id*. Plaintiff contends, *inter alia*, that he is not subject to Clay Township Ordinances governing nuisance abatement; that he did not receive notice of the nuisance abatement proceedings; and that, as a result, items of personal property were wrongfully removed from his real property and damaged. *Id*. While Plaintiff purports to assert civil rights claims under § 1983, he does not identify the specific federal rights purportedly violated or any recognized theory of liability under § 1983. *Id*. It is also not clear from Plaintiff's complaint whether, in addition to federal claims under § 1983, he seeks to advance any claims arising under Ohio law. *Id*.

Following the filing of Plaintiff's complaint, Defendants filed answers and asserted defenses including, *inter alia,* that their liability is precluded by virtue of qualified immunity

and/or political subdivision immunity under Ohio Rev. Code § 2744.01, *et seq*.  *See* doc. 8 at PageID 83-85, doc. 26 at PageID 132-33.  Thereafter, on October 19, 2020, the parties submitted a Rule 26(f) report and the Court held a preliminary pretrial conference pursuant to Fed. R. Civ. P. 16 on October 23, 2020.  Docs. 27, 34.  On November 24, 2020 -- *i.e.*, a little more than one month after the Court's Rule 16 conference and before any discovery had taken place between the parties in this case -- Plaintiff filed a motion for summary judgment.  Doc. 28.

In opposition to Plaintiff's motion, Defendants argue that, because Plaintiff filed his motion for summary judgment prior to any discovery taking place, his motion should be denied or, at the least, held in abeyance until the conclusion of discovery.  Docs. 30, 31.  While Plaintiff's motion is not premature under the terms of Fed. R. Civ. P. 56(b) -- which allows the filing of a summary judgment motion "at any time until 30 days after the close of all discovery" -- courts generally hold that "some discovery must be afforded the non-movant before summary judgment is granted[.]"  *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994); *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery"); *Moore v. Shelby Cty., Ky.*, 718 F. App'x 315, 320 (6th Cir. 2017) ("Common sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence").  This Court would generally be inclined to deny Plaintiff's motion on the basis that it should be refiled after the parties engaged in some discovery, if not at the conclusion of all discovery.

The Court, however, finds Plaintiff's motion merits denial on a more fundamental basis.  In his motion, Plaintiff asserts -- in a conclusory and perfunctory manner without developed argument -- that Defendants' alleged violation of local ordinances, in and of itself, entitles him to

damages.  In doing so, Plaintiff fails to identify any legal theories underlying his § 1983 claim(s), cites no law in support of his arguments regarding such claim(s), and sets forth no analysis tying the facts of this case to his assertion that Defendants violated an identified federal right.  Doc. 28. On summary judgment review, it is not the Court's role to identify Plaintiff's claim(s), identify the facts that may support such purported claim(s), and make his summary judgment arguments for him.  Plaintiff has retained counsel who is well equipped to submit a thorough developed argument to the Court for adjudication.

Thus, in the absence of some effort to develop an argument, cite specific Rule 56 facts of record, and analyze his purported federal claim(s) under § 1983, Plaintiff's motion for summary judgment is **DENIED WITHOUT PREJUDICE** to file such motion at the conclusion of the discovery period in this case.  *See Allstate Ins. Co. v. Papanek*, No. 3:15-CV-240, 2018 WL 3537140, at *10 (S.D. Ohio July 23, 2018) (denying plaintiffs' motion for summary judgment on their claims where they "present[ed] not a single citation of authority in support of their request"); *Cent. Transp., LLC v. Balram Trucking, Ltd*, No. 3:15-CV-265, 2017 WL 680511, at *3 (S.D. Ohio Feb. 21, 2017) (concluding that a party "cannot expect the Court to issue a decision on summary judgment in the absence of some effort to identify the law applicable" to the claims and issues in this case); *Hindman v. Thompson*, 557 F. Supp. 2d 1293, 1300 (N.D. Okla. 2008) (stating that it is not "the Court's job to . . . research arguments on [a party's] behalf"); *see also* S.D. Ohio Civ. R. 7.2(a) (stating that "[a]ll motions . . . shall be accompanied by a memorandum in support thereof that shall be a brief statement of the grounds, with citation of authorities relied upon").

**IT IS SO ORDERED.**

Date:   February 2, 2021                              s/ Michael J. Newman
                                                                                         Hon. Michael J. Newman
                                                                                         United States District Judge