UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM L. MCWAIN,

    Plaintiff,

vs.

CLAY TOWNSHIP, *et al.*,

    Defendants.

Case No. 3:20-cv-123

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING CLAY TOWNSHIP'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 44); (2) DENYING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT (Doc. No. 45); (3) DENYING AS MOOT CLAY TOWNSHIP'S MOTION *IN LIMINE* (Doc. No. 54); (4) GRANTING SUMMARY JUDGMENT FOR ENGLEWOOD TRUCK TOWING & RECOVERY ON PLAINTIFF'S CLAIM; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

    Plaintiff William L. McWain ("McWain")—through counsel—asserts a single count under 42 U.S.C. § 1983[1] against Defendants Clay Township, Montgomery County, Ohio; Clay Township Police Department; Clay Township Trustees Dave Vore, Dale Winner, and Steve Woolf ("Clay Township Trustees") (collectively, "Clay Township"); and Englewood Truck Towing and Recovery ("Englewood Towing"). Doc. No. 1 at PageID 1–2. McWain alleges that Clay Township violated his due process rights, under the Fourteenth Amendment to the U.S. Constitution, when it declared his property a nuisance and then removed certain items from his property in October 2019. *Id.*

    Before the Court are McWain's and Clay Township's cross-motions for summary judgment on McWain's § 1983 claim. Fed. R. Civ. P. 56; Doc. Nos. 44, 45. McWain and Clay Township have filed opposition memoranda in response to the respective summary judgment

---

[1] No other claims are pled here. Doc. No. 1 at PageID 1–2.

motions. Doc. Nos. 48, 52. Clay Township filed a reply brief in support of its summary judgment motion. Doc. No. 53. McWain did not, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Englewood Towing does not join Clay Township's motion. Therefore, the cross-motions for summary judgment are now ripe for review.

Also pending is Clay Township's motion *in limine*. Doc. No. 54. McWain filed an opposition memorandum and Clay Township replied. Doc. Nos. 58, 60. Clay Township's motion *in limine* is also ripe for review.

## I.

### A. Statement of Undisputed Facts

This case began on McWain's front yard. Doc. No. 1 at PageID 3. Since at least 2013, Clay Township knew that McWain's property was covered with junk and debris. Doc. No. 44-2 at PageID 265. Before Clay Township intervened, McWain's front yard was littered with various items including, *inter alia*, gardening equipment, children's toys, gas tanks, tools, hoses, brooms, plastic chairs, Christmas lights, carpeting, vacuums, piles of clothing, cabinet doors, piles of newspapers, gas canisters, cardboard boxes, shower heads, glass bottles, a broken screen door, and a flatscreen television. Doc. No. 45-3 at PageID 284–86.

Under Ohio Rev. Code § 505.87, "[a] board of township trustees may provide for the abatement, control, or removal of vegetation, garbage, refuse, and other debris from land in the township, if the board determines that the owner's maintenance of that vegetation, garbage, refuse, or other debris constitutes a nuisance." In 2011, Clay Township adopted Nuisance Abatement Resolution #06-2011, and an accompanying ordinance, to comply with Ohio Rev. Code § 505.87. Doc. No. 44-1 at PageID 233; Ohio Rev. Code Ann. § 505.87. Pursuant to this resolution and ordinance, Clay Township may declare a property a nuisance after a public hearing. Doc. No. 44-1 at PageID 234–35. Clay Township must give the property owner notice of that hearing. *Id.*;

Ohio Rev. Code Ann. § 505.87(B). Specifically, Clay Township must send a certified mail notice to the property owner,[2] or post notice in the newspaper if the property owner's address cannot be reasonably obtained, that it is holding a public hearing to declare the property a nuisance. Doc. No. 44-1 at PageID 234.

From 2013 to 2017, McWain received at least four notices from Clay Township that his property violated the nuisance ordinance and would be subject to abatement if he did not clean it up. *See* Doc. No. 44-1 at PageID 226–27 (reproducing notices sent by Clay Township to McWain stating he was in violation of the nuisance ordinance on May 7, 2013; December 20, 2014; January 5, 2015; and September 27, 2017). On July 30, 2019, Clay Township hand-delivered the following notice to McWain at his address:

> The Clay Township Zoning Department inspected your property after receiving complaints about the property. On June 26[], 2019, I called you and left a voicemail to gain verbal compliance for the junk items on your property. On July 15[], 2019, I spoke with you and gave you fourteen (14) days to remove the items from the front of your house. You stated to me that this would get done and the items would be removed from the public's view. On July 29[,] 2019, I inspected the property and saw little to no improvement. You are hereby advised that you are in violation of the Clay Township Zoning Ordinance, specifically, Article 38, Section 3812B and the Nuisance Abatement Resolution 06-2011 enacted upon September 16, 2011.

Doc. No. 44-1 at PageID 230, 231. On August 26, 2019, Clay Township delivered another notice to McWain at his address:

> On July 29[,] 2019, I inspected the property and saw little to no improvement. A notice of violation was issued to you on July 30, 2019. On August 19, I inspected your property and still saw no improvement, to which I informed you that on Monday, August 26[], 2019, you would be receiving your final notice on this issue. You stated to me that you had been running a garage sale on your property on this date (August 19). Per the Clay Township Zoning Code Section 3701(E), all garage sales cannot exceed three (3) days

---

[2] It may optionally post notice on the principal structure on the land. Doc. No. 44-1 at PageID 234.

> in length and you are now past this allotted time. On Monday, August 26[], 2019, little to no improvement has occurred . . . . This violation must be brought into compliance with Articles and Resolutions listed above within 15 days of receipt of this notice. Failure to do so will cause the Clay Township Trustees to declare the violation(s) and [sic] nuisance and have them abated at the owner's expense.

*Id.* at PageID 231, 232. On September 24, 2019, Clay Township sent another notice via certified mail to McWain at his property, informing him that his property would be the subject of an October 7, 2019 nuisance hearing:

> Notice is hereby given; the Clay Township Board of Trustees will conduct a public hearing on Monday, October 7, 2019, beginning at 04:00 PM, at the Clay Township Offices, located at 8207 Arlington Rd, Brookville, OH 45309. Zoning Incident Case # 19-002-09, a nuisance abatement of your property at 8121 Arlington Rd, Brookville, OH located in Clay Township, Section 21, Town 6, Range 4E. Your property is in violation of the Clay Township Zoning Ordinance, specifically, Article 38, Section 3812B and the Nuisance Abatement Resolution 06-2011 enacted upon September 16, 2011.

*Id.* at PageID 244. Elizabeth Sheley, who has delivered mail for McWain and his wife for the past 21 years, signed for the notice and left it in McWain's mailbox. Doc. No. 44 at PageID 231; Doc. No. 44-3 at PageID 271–72. She was authorized to sign for, and accept, McWain's mail on his behalf. Doc. No. 44-3 at PageID 272. Clay Township then ran notice of the nuisance hearing in the *Brookville Star*, a local newspaper. Doc. No. 44-1 at PageID 231.

On October 7, 2019, Clay Township held a nuisance hearing regarding McWain's property. *Id.* at PageID 258. McWain was not present. *Id.* At the hearing, Clay Township declared McWain's property a nuisance. *Id.* The following day, Clay Township sent McWain another notice:

> [T]he Clay Township Board of Trustees conducted a public hearing on Monday, October 7, 2019, at 04:00 PM, at the Clay Township Offices . . . . Your property is in violation of the Clay Township

4

> Zoning Ordinance, specifically, Article 38, Section 3812B and the Nuisance Abatement Resolution 06-2011 enacted upon September 16, 2011 . . . . The Board shall cause said nuisance to be abated or removed in seven (7) days of this notice.

*Id.* at PageID 259. On October 21, 2019, Clay Township Trustees and police officers went to McWain's property and removed the various tools, appliances, old newspapers, clothes, and other junk from his front yard. *Id.* at PageID 263–64. During the nuisance abatement, Clay Township called Englewood Towing to tow McWain's car that obstructed their removal. *Id.*

### B. McWain's Claims

McWain claims he did not receive the September 24, 2019 notice. Doc. No. 52-1 at PageID 320. McWain, in an affidavit, attests that Sheley was not entitled to accept mail on his behalf (but has not pled any claims against her and does not seek relief from her). *Id.* at PageID 319–20. He alleges Clay Township violated his due process rights by not affording him notice of the hearing and disposing of, and/or damaging, his property. Doc. No. 45 at PageID 276. He further asserts Englewood Towing is liable under § 1983 for negligently damaging his car. *Id.* at PageID 278–79.

## II.

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Cmty. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). Instead, the party opposing summary judgment has a shifting

5

burden and "must—by affidavits or as otherwise provided in [Fed. R. Civ. P. 56]—set out specific facts showing a genuine issue for trial." *Id.*

The Court's standard of review does not change when the parties file cross motions for summary judgment. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). The Court must still "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Taft Broad. Co.*, 929 F.2d at 248). Likewise, "[t]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate." *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004) (citing *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001)).

Finally, the Court does not have to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). "[T]he free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

### III.

42 U.S.C. § 1983 allows citizens to vindicate official deprivations of their constitutional due process. *See Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must: (1) allege the violation of a right secured by the Constitution and law of the United States; and (2) show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff can allege either procedural or substantive due process violations.

**A. Procedural Due Process Standard**

"[P]rocedural due process . . . protect[s] persons from deficient procedures that lead to the deprivation of cognizable liberty interests." *Schulkers v. Kammer*, 955 F.3d 520, 545 (6th Cir.

6

2020) (quoting *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 729 (6th Cir. 2011)). "To establish a procedural due process violation, Plaintiffs must show (1) that they have been deprived of a cognizable [property] interest, and (2) that such deprivation occurred without adequate procedural protections." *Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 623 (6th Cir. 2021) (alterations in original) (quoting *Schulkers*, 955 F.3d at 545). Procedural "due process requires that when a State seeks to terminate [a protected] interest . . . , it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Pittman*, 640 F.3d at 729 (quoting *Bell v. Burson*, 402 U.S. 535, 542 (1971)).

Constitutionally adequate notice is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ming Kuo Yang v. City of Wyoming*, 793 F.3d 599, 602 (6th Cir. 2015) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1953)). This does not mean actual notice, *Jones v. Flowers*, 547 U.S. 220, 226 (2006), but notice that is "'reasonable' under the 'particular circumstances,'" *Ming Kuo Yang*, 793 F.3d at 603 (quoting *Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988)). A nuisance abatement given with reasonable notice does not violate the owner's due process rights. *See, e.g., Crow v. City of Springfield*, 15 F. App'x 219, 224 (6th Cir. 2001). Including "[p]ost-hearing notice," the test to determine whether notice was reasonable is whether "many notice efforts amounted in the aggregate to a reasonable effort to apprise [the plaintiff] of what was going on." *Ming Kuo Yang*, 793 F.3d at 604.

B. **Substantive Due Process Standard**

Substantive due process prevents the government from depriving "individuals of certain rights, regardless of the procedures used." *Siefert v. Hamilton Cnty*, 951 F.3d 753, 765 (6th Cir. 2020) (citing *Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019)). To prevail, McWain must prove

7

Clay Township deprived him of "'a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Id.* at 766 (quoting *Guertin*, 912 F.3d at 922).

"Conscience-shocking" behavior is more than mere negligence. *Siefert*, 951 F.3d at 766. It must be "so 'brutal' and 'offensive' that [it does] not comport with traditional ideas of fair play and decency." *Range v. Douglas*, 763 F.3d 573, 589–90 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Naturally, this is a weighty threshold. *See id.* at 589–92 (finding no conscience-shocking behavior in failure to terminate forensic officer after he sexually abused murder victims' bodies while he was intoxicated).

To show Clay Township deprived him of substantive due process when enforcing its nuisance ordinance, McWain must show "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). A local government's action is "arbitrary and capricious" only if it is "willful and unreasoning, without consideration and in disregard of the facts and circumstances of the case." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir. 1992) (quoting *Greenhill v. Bailey*, 519 F.2d 5, 10 n. 12 (8th Cir. 1975)).

**IV.**

McWain does not specify in his complaint or motion which of his Fourteenth Amendment due process rights were allegedly violated. *See* Doc. No. 1 at PageID 3–4; Doc. No. 45 at PageID 274–79. Giving him the benefit of the doubt, the Court construes his complaint as making both procedural and substantive due process claims. For the reasons that follow, the Court finds

McWain cannot show that Clay Township or Englewood Towing violated his constitutional rights under either theory.[3]

### A. Clay Township's Motion for Summary Judgment

#### 1. Procedural Due Process Claim[4]

It is undisputed that Clay Township, via certified mail, delivered the September 24, 2019 notice of the final hearing to McWain's address by giving it to Sheley, who placed it in his mailbox. Doc. No. 44-1 at PageID 230; Doc. No. 44-3 at PageID 272. It is further undisputed that Clay Township published notice of the nuisance hearing in the local newspaper. Doc. No. 44-1 at PageID 228, 231. McWain cannot create a genuine dispute of material fact through his self-serving affidavit denying this because he has not "ma[de] an affirmative showing with proper evidence in order to defeat [Clay Township's] motion." *Alexander*, 576 F.3d at 558 (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Thus, not only did Clay Township satisfy

---

[3] Additionally, "[a] municipality is liable under § 1983 if the acts that violated a person's rights were undertaken pursuant to its policies and customs." *Mobley v. City of Detroit*, 938 F. Supp. 2d 669, 684 (E.D. Mich. 2012) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690–94 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. McWain merely alleges that Clay Township, through its agents, violated his rights by removing the items on his property. Doc. No. 1 at PageID 3–4; Doc. No. 45 at PageID 274–79. He does not identify any policy or custom that Clay Township violated, and the nuisance abatement here was an isolated incident, so his claim against Clay Township fails as a matter of law on this independent ground. *See, e.g.*, *Monell*, 436 U.S. at 694.; *cf. May v. Pierce Cnty.*, No. 3:19-cv-06167, 2020 WL 639681, at *2 (W.D. Wash. Feb. 11, 2020) (dismissing § 1983 claim where the plaintiff did not "allege that any [municipality] policy or custom was the moving force behind" abating the nuisance on plaintiff's property).

[4] McWain alleged that the police officers who went to his property were acting in an official capacity. *See* Doc. No. 1 at PageID 4. Like the rest of his allegations, it is unclear whether he is suing these police officers, as he does not list them in the caption of his complaint as opposing parties. *Id.* at PageID 1–2, 4. Nonetheless, the Clay Township Trustees and police officers are individuals, so the suit against Clay Township as a public entity requires the Court to dismiss any official claim against them as "superfluous." *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (quoting *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013)); *see also Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003).

its own ordinance by delivering notice of the final hearing, but it also afforded McWain constitutionally sufficient notice.[5]

Assuming, *arguendo*, that McWain never received the September 24, 2019 notice—which is not the case—McWain received at least seven notices since 2013 that his property was a nuisance that Clay Township planned to remediate. Doc. No. 44-1 at PageID 226–28, 230–232, 259. The four notices Clay Township sent McWain from 2013 through 2017 afforded him constitutionally sufficient notice. *Id.* at PageID 226–27. McWain was on further notice of his continuing ordinance violations when he received the July and August 2019 letters. *Id.* at PageID 226–27, 230–31. Likewise, when Clay Township sent McWain a post-hearing letter (which he unquestionably received)—telling him that he had seven days before remediation of his property would begin—he, yet again, had notice. *Id.* at PageID 259; *see also Ming Kuo Yang*, 793 F.3d at 603–06 (finding that posted notices, mail notices, and post-hearing notice apprised property owners of demolition notwithstanding actual notice). Thus, his procedural due process claim fails as a matter of law. The Court thus turns to this other Fourteenth Amendment claim, substantive due process.

    **2.**    **Substantive Due Process Claim**

After sending McWain notice, Clay Township lawfully declared that his property—which was covered with piles of clothing, children's toys, and other miscellaneous items—was a nuisance under Ohio Rev. Code § 505.87. Doc. No. 44-1 at PageID 258. Because "there is no due process

---

[5] In addition to McWain's self-serving affidavit, he files an affidavit from Valerie Hennessey, his counsel's administrative assistant. Doc. No. 45-2 at PageID 283. That affidavit does not present a genuine dispute of material fact fit for trial. It merely states, "the Final Notice of Violation(s) was not delivered to William McWain by the United States Postal Service." *Id.* Considering it is undisputed that Clay Township delivered this notice to McWain's address, and Sheley signed for it, Hennessey's affidavit is irrelevant. Doc. No. 44-1 at PageID 230; Doc. No. 44-3 at PageID 272. McWain was undisputedly on notice that Clay Township would hold a hearing to abate the nuisance on his property.

violation when [a] municipality abates a nuisance pursuant to notice," *Crow*, 15 F. App'x at 224 (citations omitted), McWain's substantive due process claim likewise fails as a matter of law.

Clay Township acted lawfully under Ohio law when it removed the items from McWain's property. *See LePage v. Bd. of Trs. of Thorn Twp.*, No. 2:03-cv-0062, 2005 WL 3274873, at *3 (S.D. Ohio Dec. 2, 2005) (nuisance abatement under Ohio Rev. Code § 505.87 was not a substantive due process violation as a matter of law). This was neither "willful [nor] unreasoning," nor arbitrary and capricious, since Clay Township lawfully determined that the property on McWain's front yard was "garbage, refuse, or other debris." *Pearson*, 961 F.2d at 1221 (citation omitted); *see also Kochis v. City of Westland*, 409 F. Supp. 3d 598, 609–10 (E.D. Mich. 2019) (upholding nuisance ordinance as rationally related to legitimate purposes of public welfare). *Compare* Doc. No. 44-1 at PageID 258 (showing Clay Township officers and trustees voted to declare McWain's property a nuisance), *with Howard v. Preble Cnty. Sheriff*, No. 3:18-cv-410, 2019 WL 3842446, at *4–5 (S.D. Ohio Aug. 15, 2019), *report and recommendation adopted by* No. 3:18-cv-410, 2019 WL 6050967, at *1 (S.D. Ohio Nov. 15, 2019) (due process claims failed because municipality properly declared property a nuisance under Ohio Rev. Code § 505.87).

Likewise, Clay Township did not engage in conscience-shocking behavior. Clay Township's disposal of McWain's property after years of notifying him of the consequences of his failure to act cannot meet the high threshold for conscience-shocking behavior. *See Harris v. City of Akron*, 20 F.3d 1396, 1405 (6th Cir. 1994) (finding no conscience-shocking behavior where city authorities demolished property under ordinance); *Crow*, 15 F. App'x at 224; *Shelton v. Twin Twp.*, No. 3:12-cv-00390, 2013 WL 1627345, at *7 (S.D. Ohio Apr. 16, 2013) (finding no substantive

11

due process claim when township abated nuisance under Ohio law). Therefore, his substantive due process claim also fails as a matter of law.

### 3. Qualified Immunity

Clay Township argues qualified immunity shields the individual police officers and trustees from liability if they are sued in their individual capacities. Doc. No. 44 at PageID 223. McWain does not address this argument. The Court agrees with Clay Township.

"Qualified immunity shields individual government officials from liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hensley v. Gassman*, 693 F.3d 681, 687 (6th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A law is clearly established where it is "clear in regard to the official's particular actions in the particular situation." *Id.* (citation omitted). "'The contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing' violates federal law." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In that regard, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Saylor v. Bd. of Educ. of Harlan Cnty.*, 118 F.3d 507, 515–16 (6th Cir. 1997) (citation omitted) (emphasis omitted).

Even assuming a constitutional violation occurred, in this instance, the Clay Township Trustees and individual police officers are entitled to qualified immunity. An objectively reasonable official entering McWain's property would not understand that doing so and abating the nuisance, after McWain received notice and Clay Township declared the property a nuisance, would violate McWain's constitutional rights. *Cf. Livant v. Clifton*, 272 F. App'x 113, 116–17 (2d Cir. 2008) (granting qualified immunity to officers in abating nuisance because repeated notice attempts made it objectively reasonable to conclude plaintiff was apprised of impending

abatement). Moreover, the Clay Township trustees who either voted to enact the ordinance or to declare McWain's property a nuisance under Ohio Rev. Code § 505.87 are shielded from § 1983 liability by legislative immunity because these acts "were, in form, quintessentially legislative." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (holding that legislators voting for an ordinance were shielded by legislative immunity). Thus, the Clay Township Trustees and individual police officers who abated the nuisance are shielded from liability. *See, e.g.*, *id.*; *Ross v. Duggan*, 402 F.3d 575, 590 n.7 (6th Cir. 2004).

### 4. The Clay Township Police Department

McWain's claim against the Clay Township Police Department is invalid as a matter of law because Ohio police departments cannot sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Hughey v. Creston Police Dep't*, No. 5:20-cv-1669, 2020 WL 7262888, at *2 (N.D. Ohio Dec. 10, 2020). Therefore, McWain's claim must be dismissed. *See Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003).

### B. McWain's Motion for Summary Judgment

Because Clay Township is entitled to judgment as a matter of law on McWain's claims, *see supra* Part IV (A)(1)–(4), his summary judgment motion fails as a matter of law. Doc. No. 45.

### C. Clay Township's Motion *in Limine*

Because Clay Township is entitled to judgment as a matter of law, it is unnecessary to consider its pending motion *in limine*. Doc. No. 54. Therefore, it is denied as moot.

### D. McWain's Claim Against Englewood Towing

McWain also seeks relief against Englewood Towing under § 1983 for negligently damaging his car. Doc. No. 1 at PageID 2, 4; Doc. No. 45 at PageID 278–79. Englewood Towing did not move for summary judgment or dismissal. McWain moved for summary judgment against Englewood Towing, but the Court granted McWain's motion to withdraw his motion for summary

13

judgment against Englewood Towing after it filed a memorandum in opposition. Doc. Nos. 45, 49, 50, 51.

Although Englewood Towing failed to move for summary judgment, Fed. R. Civ. P. 56(f) permits the Court to enter summary judgment for a nonmovant after giving the opposing party notice and a reasonable time for a response "after identifying . . . material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Even if McWain did not have notice, a *sua sponte* summary judgment is appropriate where he will not be "prejudiced by the [Court's] failure to provide an opportunity to respond with more evidence," *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 830–31 (6th Cir. 2013) (citations omitted). Prejudice results if "entry of summary judgment deprived [the losing party] of [his] ability to develop the record or to present legal arguments that would disturb . . . entitlement to judgment as a matter of law." *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 515 (6th Cir. 2011).

McWain only alleges that Englewood Towing was negligent—conduct that is not actionable under § 1983. *See Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 351 (6th Cir. 1994). Though Englewood Towing failed to move—at any stage of the litigation—for summary judgment based on this clear proposition, the Court is inclined to grant summary judgment in Englewood Towing's favor on this basis. Giving McWain more time to argue that Englewood is liable under § 1983 for negligence "would merely entail an empty formality[,]" *Turcar, LLC*, 451 F. App'x at 513 (quoting *Excel Energy, Inc. v. Cannelton*, 246 F. App'x 953, 959 (6th Cir. 2007)), because no "reasonable jury could find a [constitutional] violation" on his claims, *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 423 (6th Cir. 2015) (*sua sponte* summary judgment was appropriate where, notwithstanding notice, constitutional claim against police department failed as a matter of law); *see also Stansbury v. Hopkins*

*Hardwoods, Inc.*, 769 F. App'x 202, 209 (6th Cir. 2019) ("Were we to vacate this judgment and remand . . . [the defendant] could file its [summary judgment] motion, satisfying the [plaintiff's] desired formality, and the district court could grant the same motion"). McWain's sole claim against Englewood Towing—negligence under § 1983—is not actionable, regardless of whether McWain has more time to recapitulate this claim. *See, e.g.*, *Lewellen*, 34 F.3d at 351. Therefore, summary judgment in Englewood Towing's favor is warranted.

## V.

The Court thus (1) **GRANTS** Clay Township's motion for summary judgment (Doc. No. 44); (2) **DENIES** McWain's cross motion for summary judgment (Doc. No. 45); (3) **DENIES AS MOOT** Clay Township's pending motion *in limine* (Doc. No. 54); (4) **GRANTS** summary judgment for Englewood Towing on McWain's § 1983 claim; and (5) **TERMINATES** this case on the docket.[6]

**IT IS SO ORDERED.**

Date:  March 29, 2022                       s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                                United States District Judge

---

[6] Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be frivolous and not taken in good faith. Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.